CAROL K. VINCENT *v.* ALLEN R. VINCENT
(11552)

DUPONT, C. J., O'CONNELL and LAVERY, Js.

Argued May 5—decision released July 6, 1993

*Claudette J. Narcisco,* for the appellant (defendant).

*Carol Vincent Wheeler,* pro se, the appellee (plaintiff).

LAVERY, J. The defendant appeals from the judgment of contempt rendered by the trial court following his failure to comply with court orders requiring him to make certain child support payments. The defendant claims that (1) he cannot be held in contempt because he has not wilfully disobeyed the order of the court, but rather is indigent and cannot make the payments, (2) the trial court improperly determined the amount of child support he should be required to pay, (3) the trial court improperly refused to hear his reclaimed motion to modify child support at the same time it agreed to hear the plaintiff's motion for contempt that was not on the short calendar, and (4) the trial court improperly stayed a second motion to modify pending this appeal after he filed a motion to waive costs and fees regarding this appeal. We agree with the defendant's third claim, reverse the judgment of the trial court, and remand the case to the trial court with direc-

tion to hear the motion to modify and the motion for contempt. Because we are remanding the case for further proceedings, we need not address the merits of the defendant's remaining claims.

The following facts and procedural history are pertinent to the disposition of this appeal. On December 22, 1982, the parties' marriage was dissolved by judgment of the Superior Court. At that time, a separation agreement was made part of the court's judgment, except for the section pertaining to child support. The trial court ordered that the defendant pay $35 per week to the plaintiff toward the support of each of two minor children.

In 1986, the trial court opened the judgment and modified the child support order, lowering the weekly amount to $35 per week in the aggregate. Finding a significant arrearage in support payments, the trial court ordered that $35 per week be paid toward the arrearage.

The matter came before the court again on October 28, 1991, and the trial court ordered the defendant to pay the plaintiff $200 per week in child support, and $25 per week toward the now reduced arrearage. The trial court further ordered that child support payments be increased to $208 per week once the arrearage is paid off. On November 5, 1991, the defendant filed a motion to modify, claiming that there was a change in circumstances and that the existing orders were not in compliance with the child support guidelines.

On February 13, 1992, the plaintiff filed a motion to find the defendant in contempt for failure to comply with the court's October 28, 1991 orders. On March 23, 1992, a hearing was scheduled before *Hon. Daniel Spallone,* state trial referee, acting with the authority of the court, on the motion for contempt, the defendant's objection to the motion for contempt, and the

defendant's motion for modification. During the hearing, the court became aware that the plaintiff had not responded to or filed an objection to the defendant's interrogatories and request for production dated February 5, 1992. By a written memorandum of decision, the trial referee declared a mistrial pending compliance by the plaintiff with the defendant's discovery requests.[1] The court marked the motions off without prejudice, to be reclaimed following the plaintiff's compliance.

The matter came before the trial court, *Higgins, J.,* again on June 8, 1992.[2] On the court calendar for that day was the defendant's motion for modification, filed November 5, 1991, and the defendant's motion for default for the plaintiff's failure to disclose. The trial court questioned the validity of the November 5, 1991 motion to modify because it was many months old, and because it was filed so soon after the new orders went into effect. The trial court did not hear the motion to modify. The trial court did, however, hear the plaintiff's motion for contempt, although it was not on the court calendar.

Our rules of practice require that when a motion for contempt and a motion for modification come before the trial court those motions are to be heard concurrently. Practice Book § 464; General Statutes § 46b-8. Practice Book § 464 provides in pertinent part: "Upon an application for a modification of an award of . . . support of minor children, filed by a person who is then in arrears under the terms of such an award, the court shall, upon hearing, ascertain whether such arrearage has accrued without sufficient excuse so as to constitute a contempt of court, and, in its discretion, may

---

[1] In his memorandum of decision regarding the mistrial Judge Spallone ordered that the court should proceed on the contempt and modification motions "only after there has been compliance, by the plaintiff, with the defendant's discovery requests."

[2] On June 8, 1992, the defendant still claimed that the plaintiff had not complied fully with the disclosure previously ordered by the court.

determine whether any modification of current . . . support shall be ordered prior to the payment, in whole or in part as the court may order, of any arrearage found to exist." In *Sanchione* v. *Sanchione,* 173 Conn. 397, 403, 378 A.2d 522 (1977), our Supreme Court, in explaining Practice Book § 381, the predecessor to § 464, stated: "Obviously, therefore, the intended procedure is that both [the motion for modification and the motion for contempt] be heard concurrently . . . . The section nowhere prohibits such modification after a finding of contempt. This accords, for example, with the fact that '[f]or the most part the contempt defense [of inability to pay] requires a proof of greater financial hardship than does a motion to modify alimony.' Clark, Law of Domestic Relations, § 14.10, p. 469. Thus, a defendant might be in contempt on arrearages, yet his or her financial distress, while not sufficing to excuse the delinquency in payments, might be enough to warrant some modification."

Our legislature has codified the intentions of Practice Book § 464 through the enactment of General Statutes § 46b-8. Section 46b-8 provides in pertinent part: "Whenever a motion for modification of an order for support . . . is made to the superior court by a moving party against whom a motion for contempt for noncompliance with such order is pending, the court shall accept such motion and hear both motions concurrently."

On June 8, 1992, the trial court, after making inquiries regarding the motion to modify, decided that the motion to modify would not be heard. The motion for default was denied as moot. The motion for contempt, which was not on the court calendar that day, was heard. The hearing on the motion for contempt was held contrary to our rules of practice and the pertinent statute and, accordingly, the judgment of contempt must be reversed.

Because we reverse the judgment of the trial court on the basis of the defendant's second claim, we need not reach the merits of his remaining claims.

The judgment of contempt is reversed and the case is remanded for a simultaneous hearing on the motion to modify and the motion for contempt.

In this opinion the other judges concurred.