[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE (#110)
 I FACTS
This case arises out of personal injuries and damages sustained by the plaintiff, Jason Tworzydlo, on July 14, 1998, while he was a passenger in an uninsured/underinsured motor vehicle owned by Tracy Moran and operated by Robert Wilson. On July 26, 2001, the plaintiff filed a one count complaint seeking uninsured/underinsured motorist benefits from his own motor vehicle insurer, Safeco Insurance Company (Safeco). Count one alleges the following facts. On July 14, 1998, Wilson was operating Moran's vehicle when he became involved in an accident with Richard Bromley's uninsured vehicle.[1] The automobile collision caused the plaintiff to suffer personal injuries and damages.
Prior to the automobile collision, the plaintiff was insured under the provisions of his parents' automobile insurance contract (the policy) issued by Safeco. Within the policy[2], Safeco agreed to pay all sums which an insured shall be legally entitled to recover as damages from the owner or operator of an uninsured/underinsured highway vehicle because of bodily injury sustained by an insured as a result of an accident arising out of the ownership, maintenance or use of such uninsured/underinsured vehicle. The tortfeasors either had inadequate or no automobile insurance at the time of the accident. Safeco was notified of the accident, the plaintiffs injuries and of the claim brought against it pursuant to the policy's uninsured/underinsured motorist provisions. Safeco breached both its contractual obligation under the policy and its statutory obligation pursuant to General Statutes § 38a-336 (a)(1)[3] to provide uninsured/underinsured motorist coverage.
On October 30, 2001, Safeco filed a motion to strike the second and CT Page 8004 third paragraphs of the plaintiffs prayer for relief[4], accompanied by a memorandum in support thereof On February 13, 2002, the plaintiff filed a memorandum in opposition. This court heard oral argument on March 11, 2002.
 II DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of any prayer for relief in any such complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof" Practice Book § 10-39(a). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089
(1998). When deciding the motion, "the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820,825-26, 676 A.2d 357 (1996). "[G]rounds other than those specified should not be considered by the trial court in passing upon a motion to strike. . . ." (Internal quotation marks omitted.) Gazo v. Stamford,255 Conn. 245, 259, 765 A.2d 505 (2001).
The plaintiff's second and third paragraphs of his prayer for relief indicate that he is seeking punitive and exemplary damages[5], as well as statutory multiple damages pursuant to General Statutes §14-295[6]. Safeco's argument in support of its motion to strike is twofold. First, Safeco moves to strike the plaintiffs second paragraph of his prayer for relief on the ground that Connecticut law does not allow recovery for common law punitive damages in uninsured motorist actions.[7] Second, Safeco moves to strike the plaintiffs third paragraph of his prayer for relief on the ground that Connecticut law does not allow a claimant to recover double or treble damages under § 14-295 against its own insurer for the wrongful acts of an uninsured tortfeasor. In support of its motion, Safeco argues that the Connecticut Supreme Court's holding in Bodner v. UnitedServices Automobile Assn., 222 Conn. 480,610 A.2d 1212 (1992) provides that common law punitive damages are not available to a claimant in an uninsured motorist case. Furthermore, Safeco maintains that the Appellate Court's decision in Caulfield v.Amica Mutual Insurance Co., 31 Conn. App. 781, 627 A.2d 466, cert. denied, 227 Conn. 913, 632 A.2d 688 (1993), holds that double or treble CT Page 8005 damages pursuant to § 14-295 are not permitted against an uninsured motorist carrier.
The plaintiff counters that he is entitled to double or treble damages under his uninsured/underinsured motorist coverage based upon the Appellate Court's review in Caulfield of punitive and exemplary damages, as well as statutory damages under § 14-295. In addition, the plaintiff argues that the trial court should analyze the policy at issue and look to the evidence used in his pleading.[8] Lastly, the plaintiff argues that because the Supreme Court in Gionfriddo v. Avis Rent A CarSystem, Inc., 192 Conn. 280, 472 A.2d 306 (1984) applied punitive damages under § 14-295 to a rental agency that leased a vehicle to a driver who drove recklessly, § 14-295 punitive damages are applicable to Safeco.[9]
 A Common Law Punitive Damages
In considering Safeco's argument that uninsured motorist coverage does not include common law punitive damages or statutory damages under §14-295, the court begins by distinguishing between these two categories of damages. "Under Connecticut common law, the terms `exemplary damages' and `punitive damages' are interchangeable labels for damages awarded under certain circumstances to compensate a plaintiff for his expenses of litigation. . . . It is well settled, however, that statutory multiple damages awarded pursuant to § 14-295, while serving a similar punitive purpose . . . are separate and distinct from common law punitive damages and are awarded in addition thereto in appropriate cases." (Citations omitted.) Caulfield v. Amica Mutual Ins. Co., supra,31 Conn. App. 786 n. 3.
In Bodner, our Supreme Court held that common law punitive damages are not recoverable under uninsured motorist coverage. Bodner v. UnitedServices Automobile Assn., supra, 222 Conn. 500. "The public policy established by the uninsured motorist statute is that every insured is entitled to recover for the damages he or she would have been able torecover if the uninsured motorist had maintained a policy of liabilityinsurance." (Emphasis in original; internal quotation marks omitted.)Id., 499. Therefore, had the uninsured/underinsured tortfeasors maintained their own policies of liability insurance in the present case the plaintiff would not have been able to recover punitive damages from the uninsured/underinsured tortfeasors' insurers. Allowing a recovery of punitive damages under uninsured/underinsured motorist coverage would, essentially, "place the [plaintiff] in a better position than would exist if the tortfeasor[s] had been insured." Id. Furthermore, Safeco has no CT Page 8006 relationship to the tortfeasors nor to the conduct underlying the plaintiffs claim for punitive damages, and cannot assign even a percentage of the risk of punitive damages to the tortfeasors by increasing their insurance rates. See Id.; see also Caulfield v. Amica Mutual Ins. Co., supra, 31 Conn. App. 787. "For these reasons, many jurisdictions have held that uninsured motorist coverage does not apply to punitive damages. . . . Even for common law punitive damages, as they are defined in this state, there is no discernable reason of public policy why uninsured motorist coverage should impliedly encompass a claimant's right to recover attorney's fees for pursuit of a claim against his own insurer that is premised on the egregious misconduct of the third party tortfeasor." (Citation omitted.) Bodner v. United Services AutomobileAssn., supra, 222 Conn. 499.
 B Double or Treble Punitive Damages § 14-295
In Caulfield, the Appellate Court determined that like common law punitive damages, § 14-295 statutory multiple damages are not recoverable under the uninsured motorist provisions of an automobile policy. See Caulfield v. Amica Mutual Ins. Co., supra, 31 Conn. App. 787-88 After analyzing the Supreme Court's decision in Bodner, the Appellate Court concluded that "there is no principled way to distinguish Bodner
from the present case without wholly ignoring the reasoning articulated therein by our Supreme Court." Caulfield v. Amica Mutual Ins. Co., supra, 31 Conn. App. 788. Furthermore, the Appellate Court in Caulfield
concluded that the reasoning of the Supreme Court in Bodner may have even greater relevance to a claim of statutory multiple damages: "The nature of both the common law punitive damages at issue in Bodner and the statutory multiple damages at issue in this case is that they are imposed to punish the wrongdoer. . . . Statutory multiple damages, however, are imposed for the sole purpose of punishment of one who has committed a public wrong . . . while common law punitive damages, which in Connecticut are limited to the plaintiffs attorney's fees and nontaxable costs . . . serve a function that is both compensatory and punitive." (Citations omitted; internal quotation marks omitted.) Id., 787 n. 4.
It is evident that the respective decisions of the Supreme Court inBodner and the Appellate Court in Caulfield were not determined by the specific language of the insurance policies in question. For example, inBodner, the Supreme Court reasoned that the policy's language was broad enough to encompass punitive damages. Bodner v. United ServicesAutomobile Assn., supra, 222 Conn. 494-97. Nevertheless, the Supreme Court held that recovery of such damages should not be permitted as a matter of public policy. See Id., 494. The Appellate Court in Caulfield
CT Page 8007 understood the public policy concerns presented in Bodner and, therefore, extended the Supreme Court's holding in Bodner to encompass statutory multiple damages. "Notwithstanding policy language that would permit coverage of common law damages, the Bodner court concluded that public policy considerations precluded such coverage in the context of uninsured motorist coverage." Caulfield v. Amica Mutual Ins. Co., supra,31 Conn. App. 786. As a matter of law, because the decisions in Bodner
and Caulfield exclude common law punitive damages and statutory multiple damages from uninsured motorist coverage, the outcome of the decision in the present case is not affected by the policy's language, as alleged, in the plaintiffs complaint.
Although the decisions in Bodner and Caulfield discuss uninsured motorist coverage rather than underinsured motorist coverage, the holdings in those cases were based on "[t]he public policy established by the uninsured motorist statute. . . ." Bodner v. United ServicesAutomobile Assn., supra, 222 Conn. 499; Caulfield v. Amica Mutual Ins.Co., supra, 31 Conn. App. 786. "Statutory provisions relating expressly to uninsured motorist coverage apply also to underinsured motorists." (Internal quotation marks omitted.) Rydingsword v. Liberty Mutual Ins.Co., 224 Conn. 8, 14 n. 11, 615 A.2d 1032 (1992).
 III CONCLUSION
In light of the Bodner and Caufield decisions, the court finds that the plaintiff is barred, as a matter of law, from seeking common law punitive damages and statutory multiple damages under § 14-295 from Safeco. Accordingly, because the second and third paragraphs of the plaintiff sprayer for relief cannot be granted as a matter of law, Safeco's motion to strike the second and third paragraphs is granted.
 ___________________, J. Potter, J